UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MAURICIO CHONG,** | § § § | |
| **Plaintiff,** | § § | **EP-22-CV-00365-FM** |
| v. | § § | |
| **SUNRISE RESTAURANTS, LLC, d/b/a DENNY'S,** | § § § | |
| **Defendant.** | § § | |

## ORDER ON ATTORNEY'S FEES

Before the court is "Plaintiff's Opposed Motion for Attorney's Fees" [ECF No. 10], filed April 12, 2023, by Mauricio Chong ("Plaintiff"). Therein, Plaintiff requests $7,575.00 in attorney's fees for 25.25 hours of work for his successful motion to remand.[1] After due consideration of the pleadings and applicable law, the court enters the following order.

### I.   BACKGROUND

This case begins following a slip-and-fall by Plaintiff in a Denny's restaurant ("Defendant") on or about September 21, 2019. The complaint was filed in state court, but Defendant removed to federal court after Plaintiff amended his complaint on October 14, 2022.[2] Plaintiff then timely filed a motion for remand.[3] This court determined remand was proper and sent the case back to state court.[4] As part of the order, the court determined that Defendant had

---

[1] "Plaintiff's Opposed Motion for Attorney's Fees" 1, ECF No. 10, filed April 12, 2023.

[2] "Order Granting Plaintiff's Motion to Remand" 2, ECF No. 8, filed March 23, 2023.

[3] *Id.*

[4] *Id.* at 17.

lacked an objectively reasonable basis for seeking removal, and that case law foreclosed all of Defendant's arguments for removal.[5]

Plaintiff was ordered to submit his material on attorney's fees no later than April 14, 2023.[6] Plaintiff timely filed his motion for attorney's fees on April 12, 2023.[7] Defendant opposes Plaintiff's application for attorney's fees.

## II. LEGAL STANDARD

28 U.S.C. § 1447(c) states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[8] In the Fifth Circuit, a district court must apply a two-step method for determining a reasonable fee award.[9] First, a district court is to calculate the "lodestar" by multiplying the reasonable hourly rate by the number of hours reasonably expended on the litigation.[10] A fee applicant bears the burden of demonstrating that the hours expended and the rates charged by counsel are reasonable.[11] Second, a court should consider whether to enhance or decrease the lodestar based on the *Johnson* factors.[12] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary

---

[5] *Id.* at 14–15.

[6] *Id.* at 17.

[7] "Plaintiff's Opposed Motion for Attorney's Fees" 1, ECF No. 10, filed April 12, 2023.

[8] 28 U.S.C. § 1447(c) (2011).

[9] *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017).

[10] *Saldivar v. Austin Indep. Sch. Dist.*, 675 F.App'x 429, 431 (5th Cir. 2017).

[11] *Burns v. Nielsen*, No. EP-17-CV-00264-DCG, 2021 WL 534711 *3 (W.D. Tex. Feb. 12, 2021).

[12] *Portillo*, 872 F.3d at 741.

fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[13]

The fee applicant also "bears the burden of showing that. . . an [upward] adjustment is necessary."[14] This burden is appreciable because "there is a strong presumption that the lodestar amount is a reasonable fee."[15]

## III.   DISCUSSION

Plaintiff is seeking $7,575.00 in attorney's fees for 25.25 hours of work at a rate of $300.00 per hour.[16] Defendant contests both the rate of Plaintiff's lead counsel and the reasonableness of the hours claimed. The court will address both in turn.

   *A.  Reasonable Rate*

Defendant argues that Plaintiff's lead counsel should be compensated at a rate of $200 per hour. Evidence typically proffered to help a district court determine reasonable fees include affidavits from local attorneys, state bar surveys, and attorneys' fees in similar cases.[17] Defendant basis its argument on the fact that this is a "simple negligence claim." Defendant submitted its lead counsel's affidavit in which he states that $200 is a reasonable hourly rate for personal injury cases

---

[13] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

[14] *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996).

[15] *Saldivar*, 675 F.App'x at 431.

[16] "Plaintiff's Opposed Motion for Attorney's Fees" 1, ECF No. 10, filed April 12, 2023.

[17] *Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013).

in El Paso.[18] Plaintiff put forth the affidavit of his lead counsel and the affidavit of another El Paso attorney.[19] Both affidavits state that $300 is a reasonable hourly rate in El Paso for the work done.

Dueling affidavits warrant a closer inspection of rates. In *Mendez v. FIT Transport Logistics, Inc.*, an El Paso Federal Court awarded attorney's fees at the hourly rate of $350 in a personal injury case.[20] In *Sanchez v. Professional Collection Consultants*, this court determined that an hourly rate of $225 for a motion to compel was reasonable in 2011.[21] In *Nevarez law Firm, PC v. Dona Ana Title Company*, a fraudulent real estate transaction case, the court determined that $300 was a reasonable hourly rate for a veteran trial attorney.[22]

Following the court's review of the affidavits and attorney fee awards in other El Paso causes, the court finds that $300 is a reasonable hourly rate.

*B. Reasonable Hours*

Defendant also contests the reasonableness of Plaintiff's hours. Plaintiff avers that his lead counsel worked on the motion to remand and other related activities for a total of 25.25 hours.[23]

---

[18] "Defendant's Response in Opposition to Plaintiff's Opposed Motion for Attorney's Fees" 6, 11, ECF No. 11, filed April 19, 2023.

[19] "Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Attorney's Fees" 5, ECF No. 12, filed April 21, 2023.

[20] *Mendez v. FIT Transp. Logistics, Inc.*, No. EP-20-CV-00270-DCG, 2020 WL 7264814 *2 (W.D. Tex. Dec. 10, 2020).

[21] *Sanchez v. Pro. Collection Consultants*, No. EP-10-CA-245-FM, 2011 WL 13324381 *2 (W.D. Tex. Apr. 29, 2011).

[22] *Nevarez L. Firm, PC v. Dona Ana Title Co.*, No. EP-15-CV-297-DB, 2017 WL 5653871 *5 (W.D. Tex. Mar. 24, 2017), *aff'd sub nom. Nevarez L. Firm, P.C. v. J. L. R.*, 699 F. App'x 353 (5th Cir. 2017).

[23] "Plaintiff's Opposed Motion for Attorney's Fees" 1, ECF No. 10, filed April 12, 2023.

Conversely, Defendant argues that Plaintiff's hours are excessive, vague, and unreasonable because lead counsel's experience warranted performance of her work in a shorter time span.[24]

"We must recognize the well-settled principle that attorneys' fees must be awarded only for those lawyer hours that are reasonably necessary to adequately prosecute the case."[25] "Attorneys' fees must not be awarded for attorney hours that are 'excessive, redundant, or otherwise unnecessary.'"[26] "The plaintiff [is] charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment."[27] As the Supreme Court put it in *Hensley v. Eckerhart*, "in the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's adversary."[28]

Plaintiff has provided time records for work done on the removal and remand.[29] Defendant is correct that vague time entries such as "legal research" and "trial prep," without more, is not acceptable. Plaintiff has the burden of proving time worked was not excessive, redundant, or otherwise unnecessary. This means that Plaintiff must give the court enough information to determine whether billing judgment was exercised. Plaintiff's billing records meet this burden.

Plaintiff did not list "legal research" without more. Entries include, "Legal research: Bases for removal related to timeliness of removal/one-year bar. 28 U.S.C. § 1446(c)(1)," and "Legal

---

[24] "Defendant's Response in Opposition to Plaintiff's Opposed Motion for Attorney's Fees" 4, ECF No. 11, filed April 19, 2023.

[25] *E.E.O.C. v. Clear Lake Dodge*, 60 F.3d 1146, 1154 (5th Cir. 1995).

[26] *Id.* (*citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

[27] *Walker,* 99 F.3d at 770.

[28] *Hensley,* 461 U.S. at 434.

[29] *See* "Plaintiff's Opposed Motion for Attorney's Fees" 8–9, ECF No. 10, filed April 12, 2023.

5

research: Fed R. Civ. P. 11(b) as cited by Defendant."[30] Likewise, Plaintiff did not just put "review" without giving more detail. Plaintiff listed out "Review of Plaintiff's Deposition," and "Review of Plaintiff's Disclosures and other discovery responses."[31] Plaintiff did not resort to mere block-billed time entries. Such records are not guilty of being vague.

Defendant points out that some of Plaintiff's time entries are excessive. Such as the 2.75 hours spent "Reviewing Plaintiff's Deposition."[32] The court does not agree with Defendant. What is considered excessive or redundant work for one attorney may not be for another. Some legal work is more straight-forward than others, but it is not a math problem set for exact calculation. Additionally, some lawyers simply work faster than others. At the end of the day, the Supreme Court has stated the single most "critical factor" in determining a reasonable fee is "the degree of success obtained."[33] Whether a lawyer is a tortoise or a hare, the primary factor is the success achieved. In this regard, Plaintiff was extremely successful because remand was achieved with an award of attorney's fees. If it took 25.25 hours for Plaintiff's counsel to produce winning work, then the court finds those hours reasonable.

This is not to say that attorneys have carte blanche to spend as much time as they want so long as they succeed. Courts have found high hours on a single case can be unreasonable.[34] Courts have also found that one party billing for substantially more hours than the other party can be

---

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Hensley*, 461 U.S. at 436.

[34] *Clear Lake Dodge*, 60 F.3d at 1154 (868 compensable hours on a single case for a year is "quite unreasonable" when 2,000 billable hours a year is considered average.).

unreasonable.[35] However, the Plaintiff's purported total hours of 25.25 is not in the realm of being unreasonable.

With a reasonable hourly rate of $300 and reasonable hours of 25.25, the lodestar comes out to $7,575.00. Neither party requested an enhancement nor decrease of the lodestar amount. "[T]here is a strong presumption that the lodestar amount is a reasonable fee," and the court finds that this matter does not necessitate a lodestar enhancement or decrease.

## IV.   CONCLUSION

The court finds that $300 is a reasonable hourly rate for attorneys in El Paso based on the parties' affidavits and precedent. The court also finds that 25.25 is a reasonable number of hours.

Accordingly, it is **HEREBY ORDERED** that Defendant "Sunrise Restaurants, LLC d/b/a Denny's" **SHALL PAY** to Plaintiff $7,575.00 in reasonable attorney's fees.

**SIGNED AND ENTERED** this **15th** day of **May 2023.**

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[35] *See Indel Food Prod. Inc. v. Dodson Int'l Parts Inc.*, No. EP-20-CV-98-KC, 2023 WL 179970 *4 (W.D. Tex. Jan. 11, 2023) (Finding hours to be unreasonable when one party billed "over six times as many hours—1,476.6—as [the other party] did—just 231.").